UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FARIBA G.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. C19-206 BAT

**ORDER REVERSING THE COMMISSIONER AND REMANDING**

Plaintiff appeals the ALJ's decision finding her not disabled. The ALJ found disorder of the back, obesity, depression NOS, anxiety NOS, and somatoform disorder are severe impairments; plaintiff has the residual funcational capacity (RFC) to perform light work subject to additional limitations; plaintiff has no past relevant work but is not disabled because she can perform jobs in the national economy. Tr. 15-29. Plaintiff contends the Court should remand the case for further proceedings because the ALJ's misevaluation of the opinions of treating and examining providers result in an RFC determination that does not account for all of plaintiff's limitations, and plaintiff is disabled because her mental limitations meet or equal the criteria of a listed impairment. Dkt. 13 at 1-2. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**DISCUSSION**

The Court will reverse the ALJ's decision if it is not supported by substantial evidence in the record or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The Court will not reverse the ALJ's decision for errors that are harmless. *Id.* at 1111. Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's interpretation. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

A. **Medical and Other Source Opinions**

Plaintiff contends the ALJ misevaluated the opinions of treating doctor Diane Timberlake, M.D., treating therapist Maliha Mirza, M.S.W., M.H.P., examining doctor Gerald Cavnee, examining doctor Andrea Marshall, D.O., and reviewing doctor Greg Saue, M.D. The ALJ must provide clear and convincing reasons to reject an uncontradicted medical opinion, or specific and legitimate reasons where contradicted. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996). The ALJ must do more than offer his conclusions; he must also explain why his interpretation, rather than the doctor's interpretation, is correct. *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007). The opinion of a non-examining doctor cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician. *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984).

Mental health professionals or licensed social workers are not acceptable medical sources who can give medical opinions for claims filed before March 27, 2017. The claim herein was filed in 2015 and the ALJ therefore evaluates opinions of other medical sources using the same factors used to evaluate medical opinions of acceptable medical sources, 20 C.F.R. § 419.927(f),

1     and must give specific, germane reasons for rejecting opinions from other sources. *Dodrill v.*
2     *Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

### *1.      Dr. Timberlake*

Plaintiff contends the ALJ erred in discounting limitations Dr. Timberlake noted in a physical functional evaluation dated Janaury 27, 2016. Dkt. 13 at 4. Dr. Timberlake diagnosed plaintiff with "backpain" and opined it limited plaintiff to performing sedentary work due to moderate limiations in her ability to lift, carry, push, pull and reach. Tr. 420-21. The ALJ rejected Dr. Timerlake's opinion backpain limited plaintiff to sedentary work on the grounds backpain, alone, is not a medically determinable impairment. Tr. 25-26. The ALJ erred because the ALJ at step two found disorder of the back is a severe impairment; the record contained "various descriptions of the cause of plaintiff's backpain"; and the ALJ's stated he would address all the limitations alleged or opined, Tr. 18, and the ALJ found plaintiff's medically determinable conditions could cause the limitations plaintff's alleged including problems with reaching due to pain. Tr. 22-23. Moreover, Dr. Timberlake's more detailed treatment notes also dated January 27, 2016 set forth a medically determinable condition in diagnosing plaintiff as suffering from "Mastodynia with chronic neck and upper back pain." Tr. 525. The ALJ did not discuss this diagnosis or why it could not cause the limitations Dr. Timberlake assessed and accordingly erred.

The ALJ also rejected Dr. Timberlake's opinion as inconsistent with her treating note stating: plaintiff's "main issues and the diagnosis for which she may be considered unable to work are her psychiatric symptoms. She has depression and somatization disorder." Tr. 524. Plaintiff claims the ALJ improperly "cherry-picked" evidence and Dr. Timberlake's statement is merely indicative of the complex nature between plaintiff's mental and physical conditions. Dkt.

13 at 7. The record does not support plaintiff's argument. The statement Dr. Timberlake made that plaintiff's main issues are psychiatric was made on the same day the doctor completed the functional assessment. The statement is thus directly related to the functional assessment and not a disconnected observation the ALK impermissibly cherry-picked.

Further Dr. Timberlake's treatment notes do not support plaintiff's claim the doctor found plaintiff's mental and physical problems are interrelated. Dr. Timberlake's treatment notes first describe plaintiff's back pain and other physical complaints. Tr. 523-24. Dr. Timberlake then separately discusses plaintiff's mental health problems and opines the main issue and diagnosis regarding why plaintiff may be disabled are her "psychiatric symptoms." *Id.* at 524. The ALJ accordingly reasonably found the opinion Dr. Timberlake gave in the January 16, 2016, functional assessment is inconsistent with the opinion the doctor gave in her January 16, 2016, treatment notes. Because the ALJ gave at least one valid reason supported by substantial evidence to reject the opinion Dr. Timberlake provided in the functional report that plaintiff cannot work due to backpain the Court affirms the ALJ's determination.

### *2.     Ms. Mirza*

In July 2015, Ms. Mirza completed a DSHS "Documentation Request for Medical or Disability Condtion" form. Tr. 422. Ms. Mirza indicated "Fariba states that she is not able to carry heavy things or stand for longer perod of time due to body/back pain and dissiness," and that "Fariba has a difficulty concentrating long periods of time and finding motivation to engage and advocate for herself due to depression." Tr. 422. Ms. Mirza opined plaintiff was limited to "0" hours of work per week due to her physical limiations and 1-10 hours a week due to her mental health problems. *Id.*

The ALJ rejected Ms. Mirza's opinion plaintiff's physical problems precluded work because the opinion relied solely upon plaintiff's statements. Tr. 27. Plaintiff does not contest this finding and acknowledges "Ms. Mirza did make clear that with regard to the Plaintiff's physical conditions she was relying on the Plaintiff's self-reports." Dkt. 13 at 8. The Court accordingly affirms this finding.

However, plaintiff argues the ALJ erroneously rejected Ms. Mirza's opinions about plaintiff's mental limitations. Plaintiff contends, unlike the physical limitation opinion, Ms. Mirza's opinion about mental limitations are not based upon plaintiff's statements but upon a clinical assessment that plaintiff's depression interfered with her ability to concentrate and engage. Plaintiff is correct; Ms. Mirza specifically stated the limtiations were cause by depression. The ALJ accordingly erred in rejecting Ms. Mirza's opinion as reliant upon plaintiff's statements.

The ALJ also rejected Ms. Mirza's opinion about plaintiff's mental limitations finding the opinion "inconsistent with the minimal nature of observed psychiatric symptoms, her performance on mental status examinations and the claimant's activities as discussed above." Tr. 27. Plaintiff contends the ALJ erred by failing to cite to evidence in support of the finding and by selectively focusing on only certain portions of the record. Dkt. 13 at 9. When the ALJ's failure to set forth the evidence upon which the ALJ relies in making a finding prevents the Court from discerning the ALJ's path in arriving at a determination, the ALJ harmfully errs. *See e.g. Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090 1102 (9th Cir. 2014) (Reversing ALJ's decision because the agency's path cannot be reasonably discerned).

Here, however, the Court can discern the ALJ's path. Plaintiff in fact challenges the evidence the ALJ relied upon first arguing the ALJ heavily relied upon examining doctor

Ankuta's "one-time evaluation." Dkt. 13 at 9. Plaintiff has not argued or shown Dr. Ankuta's opinon is invalid and therefore not substantial evidence supporting the ALJ's finding. The ALJ is charged with weighing the evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). It is the ALJ's province to resolve conflicts and ambiguity in the medical evidence. *Morgan v. Commissioner*, 169 F.3d 595, 599-600 (9th Cir. 1999). That is what the ALJ did here in rejecting Ms. Mirza's opinion as inconsistent with Dr. Ankuta's finding that plaintiff demonstrated good attention and concentration during her mental status examination. Tr. 24 (citing Tr. 392).

Plaintiff also argues other evidence in the record shows plaintiff was depressed, tearful, paranoid, had poor insight and judgment and her concentration was confused, and the ALJ thus erred in finding plaintiff's medical record undercut Ms. Mirza's opinion. Dkt. 13 at 9. Ms. Mirza opined plaintiff was limited to working 1-10 hours a week due to difficulty concentrating for long periods and finding motivation to engage due to depression. Tr. 422. She did not opine that hallucinations or poor judgment paranoia limited her. Although plaintiff sometimes presented as having "confused" concentration, (e.g. Tr. 337) there were also numerous instances when her medical provides noted she had no problems with concentration. e.g. Tr. 334, 335, 338, 343, 383, 392.

Plaintiff disagrees with the ALJ's assessment of the medical record as it relates to Ms. Mirza's opinion but the Court may not reweigh the evidence nor substitute its judgment for that of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Hence, even assuming the evidence is susceptible to more than one rational interpretation it is the ALJ's findings that the Court must uphold. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).

In sum, because the ALJ gave at least one valid reason supported by substantial evidence to reject Ms. Mirza's opinion, the Court affirms the ALJ's determination.

### 3. Dr. Cavanee

Dr. Cavanee examined plaintiff in February 2016 and diagnosed her with depression, anxiety and panic. Tr. 408. Dr. Cavanee found plaintiff is moderately limited in all functional catergories but except she is markedly limited in her ability to communicate effectively at work, maintain appropriate behavior, set realisticg goals and plan indepently, and complete a normal work day without interruptions from psychological symptoms. Tr. 409. The ALJ rejected Dr. Cavanee's opinion as relying "on the claimant's self-assessment tools in describing symptom severity and describes no other basis for the suggested limitations." Tr. 27. The ALJ erred. There is nothing indicating Dr. Cavanee simply parroted back what plaintiff told him or failed to perform a professional evaluation using the normal tools applied by a psychologist. To be sure Dr. Cavanee interviewed plaintiff but that is proper because a psychiatric diagnosis necessarily depends in part on a patient's statements. *See Buck v. Berryhill,* 869 F3d 1040 (9th Cir. 2017). The ALJ rejects Dr. Cavanee's use of "the claimant's self-assessment tools" but this is an impermissible rejection of standard assessment tools psychologists use such as the the Mental Status Exam; the Mental Status Exam Adendum; the Beck Depression Index (BDI-II) and the Beck Anxiety Index.

The ALJ also rejected Dr. Cavanee's opinion as inconsistent with the minimal psychiatric symptoms previously observed, plaintiff's mental status exam results and her activities. Substantial evidence does not support the ALJ's rationale. The record shows plaintiff has had long standing mental health problems and symptoms. Dr. Cavanee's evaluation did not unearth new mental problems or symptoms that are inconsistent with the record. The record also does not support a finding plaintiff's symptoms are minimal. The record describes serious symptoms, diagnoses of depression and anxiety, and the need for psychotropic medications. Minimal does

not accurately describe plaintiff's symptoms; indeed if plaintiff's symptoms were merely minimal, none of her mental conditions would have been deemed "severe" at step two of the disability evaluation process.

The Court also finds the ALJ erred in rejecting Dr. Cavanee's opinions as inconsistent with plaintiff's activities, i.e., studying for beauty school and getting a driver's license. There is nothing showing what plaintiff actually did regarding beauty school and plaintiff testified that she did not complete the school. Tr. 59. There are thus no facts that reasonably contradict Dr. Cavanee's opinions. The ALJ also provides no discussion about how or why getting a driver's license diminishes Dr. Cavanee's diagnoses or opinions. There is nothing facially inconsistent with getting a license and the doctor's opinion plaintiff has numerous marked limitations. This is not, for instance, an activity that is obviously inconsistent with the doctor's opinion, e.g., plaintiff worked 40 hours a week as a volunteer filling small backpacks with student items and therefore engaged in an activity obviously inconsistent with the limiations the doctor set forth.

The Court accordingly concludes the ALJ erred in rejecting Dr. Cavanee's opinions and that the error was harmful because it resulted in a RFC determination that fails to account for all potential functional limitations.

**B.      Drs. Marshall and Sauer**

The ALJ rejected Dr. Marshall's opinion plaintiff was limited to occasional manipulative activities on the left side due to shoulder pain, Tr. 401, and Dr. Sauer's opinion plaintiff was limited in her ability to reach "left in front and/laterally Left Overhead," and in her gross manipulation, handling in both hands. Tr. 92. The ALJ rejected Dr. Marshall's and Dr. Sauer's opinions on the grounds pain does not establish a medically determinable impairment. As previously discussed, the ALJ's reasoning is invalid because the ALJ found plaintiff's back

disorder is a severe impairment; he would consider all noted and complained of symptoms, and that plaintiff's medically determinable impairments could cause the symptoms.

The ALJ also rejected Dr. Sauer's opinion because plaintiff's treatment records did not contain similar findings or set forth similar limiations. Tr. 25. Plaintiff argues her PT records show her back problems limit her ablity to reach and manipulate. Dkt. 13 at 13. The records plaintiff cites to show her physical therapist found she has back and shoulder pain. Tr. 489. The PT records, however, do not mention plaintiff also has reaching and manipulative limitations. The ALJ accordingly reasonably rejected Dr. Sauer's opinion as inconsistent with plaintiff's treatment records.

**C.    The Listings**

The Court rejects plaintiff's argument the ALJ erred in finding her impairments do not meet or equal the criteria of "paragraph B" of the mental health listings. Dkt. 13 at 15. The ALJ found Steven Haney, M.D. and Leslie Postovoit, Ph.D. opined plaintiff had mild or moderate restictictions in her activieis of daily viving, moderate limits in her ability to maintain social functioning, mild limits in maintaining concentration, pesistance or pace, and no episodes of decomposition. Tr. 20. Plaintff does not challenge the ALJ's finding and the Court accordingly affirms the ALJ's finding the requirements of paragraph B have not been met.

The Court notes plaintiff posits her interpretation of the record of the record including how Dr. Cavanee opined plaintiff's psychiatric problems are plaintiff's main problem. The ALJ must revisit Dr. Cavanee's opinions on remand and properly assess it. This is something that is within the ALJ's province, and not something the Court can undertake in the first instance on appeal. Plaintiff's treatment records establish she has limiting mental disorders but the Court may not reweigh the evidence as plaintiff suggests and also disagrees the only interpretation of

the record is the one plaintiff presents, i.e. that she has met the requirements of the Listings. The Court accordingly declines to find the plaintiff's conditions meet or equal the requirements of the mental listings.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g)

On remand, the ALJ shall reassess the opinions of Drs. Cavanee and Marshall, develop the record and redetermine plaintiff's RFC as necessary and proceed to the remaining steps as appropriate.

DATED this 15th day of November, 2019.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge